On Application for Rehearing.
Bermudez, C. J.
The defendant has failed to convince us that we have erred in dismissing the appeal in this case.
The transcript is deficient by the fault of the-appellant, in not containing the answer to the petition and the motion and order of appeal.
No doubt the appellant, in the face of the clerk’s certificate, had a right to suppose that the transcript was complete; but, after the warning given in the motion to dismiss, the appellant was bound to know of the omissions complained of, and should have had them accounted for, or supplied.
Whether the appellant knew or not that the motion to dismiss had been made, is immaterial. ' The motion was filed and posted, in the manner and during the time prescribed by the Rules of Court. No service or other notice was necessary. Knowledge was thus conveyed.
We cannot consider the certificate and affidavit annexed to the application for a rehearing. In such cases, the only question presented is: Has the Court erred in its ruling? The error, if any, cannot be established by documents not previously submitted and considered.
We deem ourselves authorized, under the exceptional features of this case, to say, that had we not dismissed the appeal, for the reasons stated in our opinion, we would have done so proprio motu, had we noticed the irregularity, on the ground that the judgment appealed *1162 from is inchoate, never having been signed by the District Judge, and, consequently, that the appeal was prematurely asked. L. D. 16. (2.)
The judgment was rendered on the verdict of the jury, for the amount found by them.
A motion for a new trial was next made. On the trial of that motion, the Court intimated that, unless the claim, verdict and judgment were reduced from two to one thousand dollars, it would grant a new trial.
The plaintiff thereupon moved to be permitted, and was allowed to enter the remittitur.
It does not appear that he ever made the remittitur, in furtherance of the permission granted.
If his motion to be permitted to do so, be considered as a remittitur, it does not appear that the Court acted upon it, or by doing so, that it reduced the judgment previously rendered, from two to one thousand dollars.
The original judgment for two thousand dollars is unsigned. It is followed, in the transcript, after three intersecting lines, by the motion to be permitted to enter the remittitur, which is headed by the word remittitur.
That motion, found in another part of the record, is also followed by the words: “Judgment signed April 10th, 1832.” Next comes the signature of the Judge.
The plaintiff, upon obtaining the authority to remit, should have formally entered the remittitur. Upon his doing so, the Judge should have amended his previous judgment by decreeing a recovery of one, instead of two thousand dollars. This was not done. The only judgment rendered has never been modified and remains unsigned.
The signature of the motion for permission to enter the remittitur, even in the form and manner in which it was made, is not the signature of the judgment contemplated by law. 30 An. 63; 24 An. 259.
It is not until after the judgment, modified or not, shall have been signed, that an appeal can be taken from it.
It is, therefore, manifest that the judgment, being unsigned, cannot be executed or appealed from, and that everything that was done subsequent to its rendition, was premature and nonavenu.
When this Court granted the mandamus mentioned in the original opinion, it did so on the theory that the judgment had been signed. The transcript now before us was not then submitted. That the judgment was signed, was, therefore, an assumption in error.
Rehearing refused.